**SIGNED this 13 day of July, 2022.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **ESTHER COLLINS,** | ) | **CHAPTER 13 BANKRUPTCY** |
| | ) | |
| Debtor. | ) | **CASE NO. 21-40436-JTL** |
| | ) | |
| | ) | |
| **ROGER R. MUNN,** | ) | |
| | ) | |
| Movant. | ) | **CONTESTED MATTER** |
| v. | ) | |
| | ) | |
| **ESTHER COLLINS,** | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION ON MOVANT
ROGER MUNN'S MOTION TO VACATE**

1

The above-styled contested matter came before the Court on the Movant's motion to vacate the Court's order confirming the Respondent's chapter 13 plan. In his motion, Mr. Roger Munn, the Movant, argues that he did not receive notice from the Bankruptcy Noticing Center of the chapter 13 plan filed by the Respondent, Ms. Esther Collins and thus moves to vacate the Court's confirmation of her plan. The Movant also argues that the debt owed to him is a domestic support obligation and is nondischargable under 11 U.S.C. § 523(a)(5).

For the reasons stated below, the Court denies the Movant's motion.

I.      **FACTUAL FINDINGS AND PROCEDURAL POSTURE**

Sometime approximately between 2016 and 2018, Mr. Roger Munn, the Movant, represented Ms. Esther Collins, the Respondent, in divorce proceedings in the Circuit Court of Frederick County, Maryland. Mov.'s Br., Doc 30. At the conclusion of her divorce, the Respondent received awards against her ex-husband for almost $47,000 for attorneys' fees and expenses "due to, among other things, the disparity in the income of the parties." Mov.'s Mot. to Vacate. Ex. 2, Doc. 17. The Movant alleges he received a judgment against the Respondent in the Circuit Court of Fredrick County, Maryland for past due attorneys' fees from her divorce proceedings for $14,158.78 plus ten percent interest annually on February 28, 2020. Mov.'s Br., Doc 30. The Movant provides evidence that he and his law firm have received a judgment against Leon Collins for attorneys' fees, but not against the Respondent. Mov.'s Mot. to Vacate. Ex. 2, Doc. 17. The Movant began a garnishment to satisfy his claim against the Respondent on November 4, 2021. Mov.'s Mot. to Vacate. Ex. 2, Doc. 17.

On November 11, 2021, the Respondent filed Chapter 13 Bankruptcy represented by her attorney, Valerie Long. Chapter 13 Vol. Pet., Doc. 1. The Respondent's Schedule E/F filed with her petition includes the Creditor as holding a nonpriority unsecured claim, but lists the

2

Creditor's address as 1919 York Road, Warner Robins, GA 31093. *Id*. The Movant's correct address is 1919 York Road, Timonium, MD 21093. Change of Address Notification, Doc. 11. On November 12, a representative from Ms. Long's office contacted the Movant with notice of the Respondent's bankruptcy filing asking him to dismiss the garnishment against the Respondent. Resp.'s Br., Doc. 28. The email included a notice of bankruptcy filing of the Respondent's case including the assigned case number and a letter from Ms. Long with the same request to dismiss the garnishment. *Id*.

Official notice of the bankruptcy case including the confirmation date and deadline to object to confirmation and the proposed chapter 13 plan were sent to the incorrect address for the Movant by the Bankruptcy Noticing Center on November 14, 2021. BNC Certificate of Mailing Doc. 7; BNC Certificate of Mailing, Doc. 9. Ms. Long amended the Movant's address on January 6, 2022, of which he received notice from Ms. Long. Change of Address Notification, Doc. 11. The Movant filed a proof of claim in the Respondent's case on January 7, 2022. Mov.'s Proof of Claim, Claim No. 2.

The Respondent's bankruptcy case was orally confirmed on February 28, 2022, and the order confirming the case was signed March 18, 2022. Order Cfrm'ng Chapter 13 Plan, Doc. 15. The first notice the Bankruptcy Noticing Center sent to the Movant's correct address was the Court's order confirming the Respondent's chapter 13 plan in March 2022. BNC Certificate of Mailing; Doc. 16. The Movant filed this motion to vacate the Court's order of confirmation on March 31, 2022. Cred.'s Mot. to Vacate. Doc. 17.  The Court heard arguments on this matter on June 2, 2022, and, after receiving letter briefs from both parties, took the matter under advisement. Hr'g Held, Doc. 27.

## II. LEGAL ANALYSIS

The Movant argues first that, although he had actual notice of the Respondent's bankruptcy case, because he did not receive formal notice from the Bankruptcy Noticing Center, he did not have sufficient notice to object to plan confirmation. The Movant also argues that his attorneys' fees fall under the definition of a domestic support obligation under 11 U.S.C. § 101(14A) and are thus nondischargable under 11 U.S.C. § 523(a)(5).

### 1. Rules 7052 and 9023 are inappropriate mechanisms to revoke a confirmed chapter 13 plan.

The Movant filed this motion as a "Motion to Vacate/Set Aside Confirmation Plan [*sic*]". Cred.'s Mot. to Vacate. Doc. 17. Such a motion is not available under the Federal Rules of Bankruptcy Procedure. Instead, based on its allegations, the Court interprets this motion as a motion under Federal Rule of Bankruptcy Procedure Rule 7052 as a motion to amend the Court's findings or under Rule 9023 as a motion to amend judgment. Motions under both Rule 7052 and 9023 must be filed within fourteen days of the Court's initial judgment. Fed. R. Bankr. P. 7052; Fed. R. Bankr. P. 9023. The Movant filed this motion thirteen days after the Court's order of confirmation, therefore, it is timely.

Federal Rules of Bankruptcy Procedure Rule 7001(5), however, requires "proceedings to revoke an order of confirmation of a chapter 11, chapter 12 or chapter 13 plan" to be brought as an adversary proceeding. *See also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272, (2010) (stating a proceeding listed under Rule 7001 must be brought as an adversary proceeding); *In re McCutcheon*, 598 B.R. 339, 344 (Bankr. M.D. Ga. 2019) (stating motions to revoke chapter 13 plans must be brought as an adversary proceeding). The Court cannot consider motions under Rules 7052 and 9023 to revoke chapter 13 plans. *In re Bulson*, 327 B.R. 830, 849

(Bankr. W.D. Mich. 2005); *In re Stemple*, 361 B.R. 778, 810 (Bankr. E.D. Va. 2007); *In re Lane*, 2013 WL 3102600, at *4 (Bankr. D. Kan., 2013). Furthermore, the Bankruptcy Code only allows for the revocation of an order of confirmation if the order was "procured by fraud." 11 U.S.C. § 1330; *In re Lane*, 2013 WL 3102600, at *3. The Movant makes no allegations that the Respondent's order of confirmation was procured by fraud, nor does the record support that conclusion. The Movant no makes allegations of fraud under § 1330, fails to bring his motion as an adversary proceeding, and Rules 7052 and 9023 are inappropriate mechanisms by which to bring this motion. Thus, the Movant's motion is denied.

## 2. The Movant had actual notice of the bankruptcy case which does not violate due process.

Even if the Court could address the merits of the motion, the Court would deny the Movant's claims. Under Rules 7052 and 9023, the movant has the burden to prove that the Court's previous order or judgment was entered in error or the Court overlooked dispositive facts or law. *In re San Miguel Sandoval*, 327 B.R. 493, n. 11 (1st Cir. B.A.P., 2005); *In re CCS.Com.USA, Inc.*, 2018 WL 4042860, at *2 (Bankr. E.D.N.Y., 2018). The Movant argues that, because the Court did not provide him notice through the Bankruptcy Noticing Center, he lacked notice which deprived him of his due process rights. Cred.'s Br., Doc 30. The Movant, however, states in his brief that he did receive notice of the bankruptcy proceeding from the Debtor's attorney. *Id*. Accompanying her brief, the Respondent's attorney provided copies of the correspondence notifying the Movant of the Respondent's bankruptcy case the day after it was filed. Resp.'s Br., Doc. 28.

If a creditor is not formally served, actual notice of a bankruptcy proceeding satisfies the creditor's due process rights. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. at 264. If a

creditor believes his claim is nondischargable under 11 U.S.C. § 523, he has the duty to inquire to protect his rights. *In re Alton,* 837 F.2d 457, 460 (11th Cir. 1988). In this case the Movant was both notified by the Respondent's attorney and filed a proof of claim with the Court before the deadline to object to plan confirmation. The Movant had a duty to proactively seek information about the plan contents and confirmation to pursue his claim. Because he had actual notice of the bankruptcy proceeding, the Movant cannot prevail on his due process objection, his motion to vacate is denied, and the Respondent's plan remains confirmed.

### 3. The Court finds the Movant does not have a domestic support obligation.

The Movant also argues that, because the obligation to him arises from the Respondent's domestic support case during which the Movant represented the Respondent, the Movant's attorneys' fees from those cases qualify as domestic support obligations. Domestic support obligations are excepted from discharge under 11 U.S.C. §523(a)(5). If the Movant did have a valid domestic support obligation and Respondent did not satisfy the debt to the Movant during the pendency of her case, the claim would be ineligible for discharge whether or not the confirmed plan accounted for it. 11 U.S.C. § 1328(a)(2). Therefore, the Movant's claim of a domestic support obligation survives his procedurally deficient motion, and the Court addresses it separately. This Court finds the evidence on the record does not support the Movant's allegations.

An award for attorneys' fees in a divorce proceeding based on a disparity of the parties' financial circumstances qualifies as a domestic support obligation as defined under 11 U.S.C. § 101(14A) and is nondischargable under 11 U.S.C. § 523(a)(5). *In re Marshall*, 489 B.R. 630, 635-36, (Bankr. S.D. Ga. 2013). The Movant stated in his letter to the Respondent's attorney on February 24, 2022, that the fees from the Respondent's divorce proceeding that served as the

basis of the Movant's judgment against the Respondent were awarded, at least in part, due to "the disparity of the income between the parties." Cred.'s Mot. to Vacate. Ex. 2, Doc. 17. Based on the Movant's representations to the Court, such a judgment against the Respondent to collect these attorneys' fees could qualify as a domestic support obligation as defined by 11 U.S.C. 523(a)(5) and be nondischargable under 11 U.S.C. § 1328(a)(2).

The Movant, however, fails to provide evidence that he has a judgment against the Respondent. The Movant provides evidence of a judgment against Mr. Leon Collins, but fails to produce evidence of a judgment against Ms. Esther Collins, the Respondent. Cred.'s Mot. to Vacate. Ex. 2, Doc. 17. The only support the Movant provides for his contention that he has a domestic support obligation is his allegation in his brief. Mov.'s Br., Doc 30. The Respondent, however, averred under penalty of perjury on her Schedule E/F that she did not have any claims against her for domestic support obligations. Chapter 13 Vol. Pet., Doc. 1. In considering the evidence presented, the Court finds the Movant failed to prove by a preponderance of the evidence that he has a domestic support obligation against to the Respondent. Therefore, the Court denies his claims that he has a domestic support obligation in this case.

### III.    CONCLUSION

The Court interprets the Movant's motion under Rules 7052 and 9023. Any cause of action to revoke a confirmed chapter 13 plan must be brought as an adversary proceeding and as such the Movant's motion must be denied. Even so, this Court finds the Movant had actual notice of the Respondent's bankruptcy proceedings and had the duty to inquire into the plan's contents and confirmation in order to timely object to confirmation. This Court also finds that the Movant failed to meet his burden in proving that he has a domestic support obligation against the

Respondent. Therefore, this Court will enter an order denying the motion to vacate in accordance with this opinion.

END OF DOCUMENT