**SIGNED this 20 day of December, 2022.**



_____
**John T. Laney, III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 21-40436-JTL |
| Esther Elizabeth Collins, | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Roger R. Munn, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Contested Matter |
| | ) | |
| Esther Elizabeth Collins, | ) | |
| | ) | |
| Debtor/Respondent. | ) | |

## <u>MEMORANDUM OPINION</u>

Before the Court are Movant Roger R. Munn's (1) *Motion to Vacate/Set Aside Confirmation Plan* (Doc. 17); (2) Letter Brief (Doc. 30); (3) *Motion to Reconsider* (Doc. 37); and (4) *Memorandum of Law in Support of Motion to Reconsider* (Doc. 47); as well as Debtor's responsive pleadings (Docs. 28, 29, 48). Movant's Motion to Reconsider was filed following this Court's entry of its *Memorandum Opinion on Movant Roger Munn's Motion to Vacate* (Doc. 33) and corresponding *Order on*

*Movant Roger Munn's Motion to Vacate* (Doc. 34).  Movant requests this Court reconsider its previous order denying his motion to set aside the chapter 13 plan confirmation order.  This matter is a core proceeding, over which the court has subject matter jurisdiction.  *See* 28 U.S.C. §§ 157(b)(2)(B); 1334.

The Court GRANTS the Motion as to reconsideration of the *Motion to Vacate/Set Aside Confirmation Plan* (Doc. 17) and DENIES the Motion as to all additional counts.  Thus, the Court vacates and withdraws the Memorandum Opinion and Order entered on July 13, 2022, and substitutes the following Opinion and corresponding Order.

Based on the evidence presented and the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

## I.  Findings of Fact

The following facts are undisputed.  Debtor retained Movant to represent her in domestic proceedings in Frederick County, Maryland, sometime between 2016 and 2018 ("Domestic Matter").  Upon conclusion of the Domestic Matter, Debtor was awarded fees and expenses, including attorney's fees ("Maryland Fee Award").  To date, Debtor has neither collected on the Maryland Fee Award nor paid Movant for his representation in the Domestic Matter.  On February 28, 2020, Movant obtained a judgment against Debtor for his attorney's fees and costs arising from the Domestic Matter (Claim No. 2-2).[1]  Movant began collection efforts as to his judgment through garnishment on or about November 4, 2021.

Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on November 11, 2021 (Doc. 1).  Debtor scheduled an unsecured debt owed to Movant;

---

[1] Movant attaches to his Proof of Claim a letter from the District Court of Maryland for Baltimore County.  The letter reflects that the District Court of Maryland for Baltimore County entered an Affidavit Judgment in favor of Movant totaling $14,204.78.

however, Debtor incorrectly listed Movant's address in her initial filings[2] (*See* Doc.

1).

Debtor, through counsel, contacted Movant on November 12, 2021, requesting

Movant dismiss his garnishment action and provided to Movant a copy of the Notice

of Bankruptcy Case Filing (Doc. 29, Exh. 1).  The Notice of Bankruptcy Case Filing

explicitly states, "You may be a creditor of the debtor.  If so, you will receive an

additional notice from the court setting forth important deadlines." (Doc. 29, Exh. 1-

2).  Despite addressing her correspondence to Movant's correct address in November

2021, Debtor failed to amend Schedule F to correct Movant's address until January

6, 2022 (Doc. 11).  The § 341 meeting of creditors was scheduled for January 3, 2022

(Doc. 6).  Debtor admits, in her brief, that she "amended Creditor's address after the

341 meeting and creditor filed a proof of claim in the case" (Doc. 28).  Thus, Movant,

while having actual notice of the bankruptcy case, was served with neither Debtor's

chapter 13 plan nor a notice of chapter 13 plan confirmation hearing (*see* Doc. 9).

Movant filed his proof of claim on January 7, 2022 (Claim no. 2-1).  The

initial proof of claim includes two copies of Official Form 410.  The first, signed and

dated on January 7, 2022; the second signed and dated on November 16, 2021.  The

forms are substantially similar, and both indicate that no part of the claim is

entitled to priority under 11 U.S.C. § 507(a) (Claim no. 2-1 at Line 12).

The Chapter 13 Trustee's Office and Movant communicated via letter and

email on February 24 and February 25, 2022 (Doc. 17-2, 17-3).  Movant, in his

letter, asked that the Chapter 13 Trustee's Office "pursue collection of the

judgements [sic] for the benefit of the creditors . . . .  Please advise if we should

amend our claim to a priority claim to support your efforts" (Doc. 17-2).  Neither the

---

[2] Movant's address was initially listed as "1919 York Road, Warner Robins, GA 31093;" the correct
address is "1919 York Road, Timonium, MD 21093."  Debtor, of her own volition, corrected Movant's
address (Doc. 11).

letter nor the email include any reference to the hearing to consider confirmation of Debtor's chapter 13 plan.

Debtor's chapter 13 confirmation hearing occurred on February 28, 2022, at which hearing Debtor's chapter 13 plan was confirmed orally. The order confirming the chapter 13 plan ("Confirmation Order") was signed on March 18, 2022 (Doc. 15). The Bankruptcy Noticing Center notified Movant by first class mail of the Confirmation Order on March 23, 2022 (*See* Doc. 16). Movant asserts that he first received notice of the hearing to consider confirmation of Debtor's chapter 13 plan on March 25, 2022, on which date he received a report from the Chapter 13 Trustee's Office (Doc. 17-5).

Movant filed his first motion to vacate or set aside the Confirmation Order on March 31, 2022, and this Court heard oral arguments on such motion on June 2, 2022. Both parties were given the opportunity to brief the issues.

On June 24, 2022, Movant amended his proof of claim, changing his response on Line 12 and indicating that $15,805 is entitled to priority under 11 U.S.C. § 507(a) as a domestic support obligation (Claim no. 2-2). To this amended proof of claim, Movant attached a proof of judgment in favor of Law Offices of Roger R. Munn Jr., LLC.

Five days before this Court's ruling on Movant's first motion to vacate or set aside the Confirmation Order, on July 8, 2022, Debtor filed a claim objection to Claim no. 2-2 disputing the claim's priority status (Doc. 31).

On July 13, 2022, following submission of the parties' briefs, the Court issued its Memorandum Opinion and accompanying Order denying Movant's motion to vacate or set aside the Confirmation Order (Docs. 33 and 34). On July 25, 2022, Movant filed a motion to reconsider this Court's ruling on his motion, which was noticed and scheduled to be heard on September 26, 2022 (Doc. 38).

On August 12, 2022, the Court sustained Debtor's objection to Movant's claim by default order (Doc. 39).

The parties appeared telephonically on September 26, 2022, on which date the Court heard argument on the issues.  Following the hearing, the parties each submitted supporting briefs (Docs. 47, 48).

Movant seeks reconsideration of the Memorandum Opinion and Order denying his motion to vacate or set aside the Confirmation Order.  Movant requests this Court (1) reconsider its decision to deny vacating the Confirmation Order; (2) find the Movant's claim nondischargeable; (3) hold a hearing on Debtor's objection to Movant's priority claim; (4) determine whether Movant may continue collection efforts including garnishment against the Debtor; and (5) order the Chapter 13 Trustee "pursue/collect all judgments entered in favor of the Debtor that are priority claims for her benefit for distribution to Creditors" (Doc. 37).

To support his request for reconsideration, Movant avers he was denied due process and states that in a letter to Chapter 13 Trustee Jonathan DeLoach, he asserted fraud.  Movant, in his letter, alleged that Debtor's chapter 13 petition was filed "to evade his garnishment" (Doc. 41).  Movant further alleged that Debtor's pre-petition conduct proves that her case "was meant solely to avoid, in bad faith, paying her judgment to [Movant], which is fraud" (*Id.*).

Additionally, Movant attempts to revive his argument that his claim is entitled to priority status.  Movant argues that his judgment against Debtor qualifies as a nondischargeable domestic support obligation (Doc. 37).  Movant asserts "he will proceed with a garnishment action with his priority claim, post-bankruptcy, unless this Court holds a hearing on the Debtor's objection to his priority claim" (*Id.*).

Debtor, at the September 26, 2022, hearing, cited *Kupersmith v. McCutcheon (In re McCutcheon),* arguing that Movant's motion to reconsider should be

5

procedurally barred.  598 B.R. 339 (Bankr. M.D. Ga. 2019).  Debtor argued that Movant cannot attempt to relitigate the priority issue because Movant failed to respond to her *Objection to Claim No. 2*.  Debtor suggests that had Movant responded to the objection, he could have been heard on the issue.  But, because Movant took no action, the Court held no hearing and entered an order sustaining Debtor's objection to Movant's claim.

## II. Conclusions of Law

### A. *Movant adequately preserved his position through his motions*

Debtor objected to Movant's claim on July 8, 2022, while Movant's first motion to vacate the order confirming Debtor's chapter 13 plan was pending (Doc. 31).  On July 13, 2022, the Court entered its Memorandum Opinion and Order denying Movant's first motion to vacate the order confirming Debtor's chapter 13 plan (Docs. 33, 34).  Following entry of the Court's Memorandum Opinion and Order, on July 25, 2022, Movant filed a motion to reconsider the Court's Memorandum Opinion and Order; requesting again that the court vacate the order confirming Debtor's chapter 13 plan (Doc. 37). Despite actively litigating the plan's treatment of his claim, Movant failed to respond to Debtor's objection and the Court entered an order sustaining the objection and modifying Movant's claim on August 12, 2022 (Doc. 39).

At the September 26, 2022, hearing, Movant argued that the Court's order sustaining Debtor's objection to his proof of claim should likewise be vacated because Movant actively preserved the claims status issue through his motion to reconsider.

The United States Court of Appeals for the Eleventh Circuit ruled on a similar issue in *Titlemax v. Northington (In re Northington)*, 876 F.3d 1302, 1307 (11th Cir. 2017).  In *Northington*, while a stay relief motion was pending, a chapter 13 plan was confirmed.  The bankruptcy court found that the order confirming the

plan procedurally barred the stay relief motion.  *In re Northington*, 876 F.3d at 1307.  Because the creditor failed to object to plan confirmation, the bankruptcy court determined that the creditor "slept on its rights."  *Id*.  On appeal, the Eleventh Circuit disagreed, finding that no formal objection to confirmation was required because the creditor "adequately preserved its position through its pre-confirmation motion . . . which it briefed and argued to the bankruptcy court." *Id*. at 1308.

The Court finds Movant similarly preserved his position through his motions, both of which he briefed and argued.  Thus, the Court examines the merits of Movant's arguments.

### B.  Movant was denied due process[3]

In his motion to vacate or set aside the Confirmation Order, Movant asserts he was deprived of due process because the Court failed to notice him of any hearings in this bankruptcy case (Docs. 17, 30).  Movant argues "[t]here was no due process, no notice, of the [§ 341(a)][4] hearing held in which I did not participate.  As I shared with this Honorable Court, the timing of the above events and the incorrect address all seem to have been intentional to deprive my office from due process" (Doc. 30).  Movant admits that he received notice of the bankruptcy case on January 6, 2022, but states that such correspondence failed to include hearing dates or other deadlines (*Id*.).

Movant communicated with the Office of the Chapter 13 Trustee regarding his claim on February 24, 2022 (Doc. 17-2); however, Movant received no notice of (1) the § 341 meeting of creditors; (2) the scheduled chapter 13 plan confirmation hearing; (3) the contents of Debtor's proposed chapter 13 plan; and (4) the deadline for filing objections to confirmation of Debtor's proposed chapter 13 plan.

---

[3] Because the Court finds Movant was deprived due process, the Court need not evaluate Movant's allegation of fraud under 11 U.S.C. § 1330(a).

[4] Statutory references herein are to Title 11 of the United States Code (the "Bankruptcy Code"), unless otherwise specified.

The Court, in its July 13, 2022, Memorandum Opinion discussed Movant's due process objection, reasoning that Movant both (1) had actual knowledge of the case and (2) filed a proof of claim prior to the deadline to object to plan confirmation; thus, Movant was responsible for proactively seeking information regarding the chapter 13 plan and confirmation to pursue his claim (*See* Doc. 33). The Court now reexamines Movant's due process objection.

"The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing'" before deprivation of property interests. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14 (1978). "Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *United Student Aid Funds, Inc. v. Espinosa (In re Espinosa)*, 559 U.S. 260, 272 (2010) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

A confirmed chapter 13 plan binds the debtor and each creditor to its terms. 11 U.S.C. § 1327(a). However, lack of due process impacts the preclusive effect of a confirmation order and confirmed plan. *Thomas v. City of Phila. (In re Thomas)*, 626 B.R. 804, 819 (Bankr. E.D. Penn. 2021) (finding creditor not bound by terms of confirmed chapter 13 plan where creditor failed to received notice of plan's provisions prior to confirmation). The United States Supreme Court, in *United Student Aid Funds, Inc. v. Espinosa*, held that actual notice of the filing and contents of a chapter 13 plan more than satisfies due process. 559 U.S. at 272. Thus, it is well-settled that receipt of the filing and contents of a chapter 13 plan meets the minimum requirements for due process.

Here, the question before the Court is whether actual notice of a bankruptcy case–on its own–satisfies due process as to the chapter 13 plan and confirmation hearing.

8

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2002(a) lists nine circumstances under which the clerk of court[5] must provide, at minimum, twenty-one days' notice by mail to "the debtor, the trustee, all creditors and indenture trustees." *See* Fed. R. Bankr. P. 2002(a).  Items relevant to the case at bar include: (1) the § 341 meeting of creditors and (2) the time fixed for filing objections to confirmation of a chapter 13 plan.  Fed. R. Bankr. P. 2002(a)(1); (a)(9).  Additionally, Bankruptcy Rule 2002(b) requires the clerk of court provide twenty-eight days' notice by mail to the same parties "of the time fixed . . . for the hearing to consider confirmation of a chapter 13 plan." Fed. R. Bankr. P. 2002(b).  Bankruptcy Rule 3015(d) states: "[i]f the plan is not included with the notice of the hearing on confirmation mailed under Rule 2002, the debtor shall serve the plan on the trustee and all creditors when it is filed with the court." Fed. R. Bankr. P. 3015(d).  The debtor has the burden of proving creditors received appropriate notice as required by the Bankruptcy Rules. *In re Moran*, Case No. 99-43102, 2003 Bankr. LEXIS 2422, at *5 (Bankr. S.D. Ga. Feb. 24, 2003); *Avery v. United States of America* (*In re Avery)*, 134 B.R. 447, 448 (Bankr. N.D. Ga. 1991).

Debtor does not dispute that Movant received none of the notices required under Bankruptcy Rules 2002 and 3015.  Debtor argues that Movant "had knowledge of the case one day after filing and therefore had a duty to inform himself of hearings and bar dates" (Doc. 28, ¶ 3).

To support her position, Debtor cites *Byrd v. Alton (In re Alton)*, 837 F.2d 457 (11th Cir. 1988).[6]  The Court disagrees with Debtor's broad interpretation of *Alton*.

---

[5] Or other party, as the Court may deem acceptable, e.g., the Bankruptcy Noticing Center.

[6] Debtor also cites several other cases – none of which relates to notice of a hearing on plan confirmation. *See e.g., Mathis v. Eazy Ride Auto Sales, LLC (In re Mathis)*, Case No. 18-10575-AEC, 2019 Bankr. LEXIS *44 (Bankr. M.D. Ga. Jan. 7, 2019) (actual knowledge of the automatic stay and request for turnover);  *In re Edwards*, Case No. 09-81315-WRS, 2010 Bankr. LEXIS *3337 (Bankr. M.D. Ala. Sep. 23, 2010) (actual knowledge of the case, creditor mailed proof of claim to trustee rather than the court resulting in failure to properly file proof of claim prior to claims bar date);

The Court finds other Eleventh Circuit precedent, namely *Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.)*, 863 F.2d 832 (11th Cir. 1989), and *Jackson v. Le Ctr. on Fourth, LLC (In re Le Ctr. on Fourth, LLC)*, 17 F.4th 1326 (11th Cir. 2021), as well as rulings of several other courts, instructive.

1. *Byrd v. Alton (In re Alton)*

The United States Court of Appeals for the Eleventh Circuit held that inquiry notice satisfies due process as to the deadline to file a complaint to determine dischargeability of a debt. *Byrd v. Alton (In re Alton)*, 837 F.2d 457, 460 (11th Cir. 1988). Like the case at bar, the creditor at the center of the controversy in *Alton* was omitted from the initial mailing of the bankruptcy petition and was later notified of the case by Debtor's counsel; the creditor received no notice from the court of either the creditors' meeting or the deadline to file a complaint regarding dischargeability of debts. *In re Alton*, 837 F.2d at 458. The creditor contended that because he failed to receive notice of the deadline to file a complaint to determine dischargeability of a debt he was denied due process. *Id.* at 458.

However, the Eleventh Circuit, in *Alton*, interpreted § 523 and Bankruptcy Rule 4007(c), both of which impose strict time limitations. The court explained that § 523 places a heavy burden on creditors seeking to protect their rights. *In re Alton*, 837 F.2d at 459. The Eleventh Circuit noted the statutory language § 523, explaining that because § 523(a)(3)(B) explicitly acknowledges inquiry notice,[7] the

---

*Durham Ritz, Inc. v. Williamson (In re Williamson)*, Case No. CV93-P-00026-E, 1993 U.S. Dist. LEXIS *19492 (N.D. Ala. Aug. 27, 1993), *aff'd*, 15 F.3d 1037 (11th Cir. 1994) (deadline to file a complaint to determine dischargeability of a debt under § 523(c)); *In re Phillips*, 288 B.R. 585 (Bankr. M.D. Ga. 2002) (motion to reopen bankruptcy case for cause to challenge dischargeability of debt under § 523(a)); *Ford Business Forms, Inc. v. Sure Card, Inc.*, 180 B.R. 294 (S.D. Fla. 1994) (no formal notice of claims bar date but creditor attended § 341 meeting); *In re Tice*, Case No. 21-80226-BPC, 2022 Bankr. LEXIS *427 (Bankr. M.D. Ala. Feb. 22, 2022) (creditor failed to file proof of claim until six months after chapter 13 plan was confirmed despite notice of claims bar date sent to creditor's counsel in pending state court case).

[7] Section 523(a)(3)(B) excepts from discharge certain unscheduled debts and adds: "if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing a proof of claim and

statute "clearly contemplates that mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the court of various pertinent dates." *In re Alton*, 837 F.2d at 460. Thus, in *Alton,* the court found requiring technical compliance with Rule 4007 inconsistent with § 523, holding that actual written notice of the bankruptcy case, at a time in which a creditor could have acted to protect its rights, satisfies due process with respect to the deadline to file a complaint to determine dischargeability. *Id*. at 460–61.

2. *Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.)*

One year after its ruling in *Alton*, the Eleventh Circuit found a party's due process rights had been violated where that party had actual notice of the bankruptcy case but received no notice of the claims bar date. *Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.)*, 863 F.2d 832 (11th Cir. 1989). There, the court discussed notice requirements and due process in the context of a chapter 11 case with a corporate debtor.[8] *Id.* Distinguishing its holding in *Alton*, the court explained that the confirmation provisions of § 1141 do not discharge the debt of a known creditor who failed to receive notice under Bankruptcy Rule 2002(a)(8),[9] "even if the creditor had actual knowledge of the general existence of the bankruptcy proceedings." *In re Spring Valley Farms, Inc.*, 863 F.2d at 835.

The court cited United States Supreme Court precedent, under the former bankruptcy act, and reiterated that parties are entitled, by both statute and constitutional protections, to notice of deadlines by which a party must act to

---

[8] 11 U.S.C. § 523 is inapplicable to corporate debtors. *See In re Spring Valley Farms, Inc.*, 863 F.2d at 834.

timely request for determination of dischargeability of such debt under one of such paragraphs *unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.*" 11 U.S.C. § 523(a)(3)(B) (emphasis added).

[9] The statute referenced is now Bankruptcy Rule 2002(a)(7) which relates to "the time fixed for filing proofs of claims pursuant to Rule 3003(c)."

11

protect its rights. *Id.* at 834–35 ("Under the current Bankruptcy Code, Rule 2002(a)(8), as under the former code 11 U.S.C.A. § 205(c)(8) (repealed 1978), plaintiffs were entitled to notice of the bar date."). The Eleventh Circuit found instructive *New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293 (1953), noting that the United States Supreme Court's language "clearly is not grounded in goals unique to the former bankruptcy act" and added "the emphasis on notice and opportunity to be heard underlines a due process concern." *In re Spring Valley Farms*, 863 F.2d at 835.

Importantly, the court offered in a footnote, "[o]ur answer might be different if plaintiffs had actual knowledge of the bar date itself rather than merely a general knowledge of the initiation of bankruptcy proceedings." *Id.* at 835 n.2.

Thus, *Spring Valley Farms* limits the application of *Alton* and establishes a heightened due process standard–finding inquiry notice insufficient–where a debt is discharged through a chapter 11 plan confirmation rather than through a § 523 complaint. *Id.* at 835. The Eleventh Circuit leaves open the question of whether actual knowledge of the claims bar date satisfies due process, implying that due process does not necessarily require perfect compliance with the Bankruptcy Rules.

3. *Jackson v. Le Ctr. on Fourth, LLC (In re Le Ctr. on Fourth, LLC)*

Recently, the Eleventh Circuit evaluated due process and procedural compliance with Bankruptcy Rule 2002(c)(3).[10] *See Jackson v. Le Ctr. on Fourth, LLC (In re Le Ctr. on Fourth, LLC)*, 17 F.4th 1326 (11th Cir. 2021). There, creditors received both the disclosure statement and chapter 11 plan but failed to raise any objection to plan confirmation. *In re Le Ctr. on Fourth, LLC*, 17 F.4th at 1331. Creditors later argued that the court's order confirming the chapter 11 plan violated their due process rights because debtors failed to comply with Bankruptcy Rule

---

[10] Bankruptcy Rule 2002(c)(3) provides three additional requirements for a notice of hearing to confirm a chapter 9 or 11 plan under 2002(b)(2) where a plan provides for an injunction.

2002. *Id.* at 1332. Thus, the Eleventh Circuit analyzed whether due process requires that creditors receive notice in technical compliance with Bankruptcy Rule 2002(c)(3) where a party received actual notice of the same information in a different form. *Id.* at 1334.

Finding the creditors received sufficient notice, the court followed the United States Supreme Court's holding in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, and distinguished *In re Spring Valley Farms, Inc.*, 863 F.2d 832, observing that the creditors received information well beyond the mere existence of a bankruptcy proceeding. *In re Le Ctr. on Fourth, LLC*, 17 F.4th at 1335. Importantly, the creditors "received all the information required by Rule 2002(c)(3)– just not in the form contemplated by the Rule." *Id.* at 1336. Thus, *Le Ctr. on Fourth, LLC* established that, in the Eleventh Circuit, due process does not require technical compliance with the Bankruptcy Rules where a party receives actual notice of all required information in a different form. *Id.* at 1336.

Thus, this line of Eleventh Circuit precedent establishes: (1) inquiry notice satisfies due process in the context of a deadline to file a complaint to determine dischargeability under § 523; (2) inquiry notice does not satisfy due process where a party receives only notice of the existence of a case outside of the context of § 523; and (3) due process does not require perfect compliance with the Bankruptcy Rules provided a party receives the information required by those rules in some fashion. *See In re Alton*, 837 F.2d at 460; *In re Spring Valley Farms, Inc.*, 863 F.2d at 835; *In re Le Ctr. on Fourth, LLC*, 17 F.4th at 1336.

Accordingly, the Court finds *Spring Valley Farms, Inc.*, which is similarly connected to Bankruptcy Rule 2002, and in which the parties received only notice of the bankruptcy case, more closely resembles the issue at hand than either *Alton* or *Le Ctr. on Fourth, LLC*.

The matter before the Court is procedurally distinct from *Alton*. Here, Movant objects to plan confirmation disputing the proposed unsecured, nonpriority status of his claim. In contrast, the creditor in *Alton* sought an extension of time to file a complaint to determine dischargeability of a debt under § 523. Thus, the rationale of *Alton*, which focuses on the statutory construction of § 523 and Bankruptcy Rule 4007, is inapplicable.

While the case at bar is procedurally similar to *In re Le Ctr. on Fourth, LLC*, it is factually distinguishable. The issue in *Le Ctr. on Fourth, LLC* similarly arises in the context of a plan confirmation hearing. There, the court examined whether due process requires exact compliance with the provisions of Bankruptcy Rule 2002(c)(3). Here, the question before the Court is whether actual notice of a bankruptcy case–on its own–satisfies due process as to the chapter 13 plan and confirmation hearing. While the creditors in *Le Ctr. on Fourth* "received all the information required" by the Bankruptcy Rules, here, Movant received only notice of the case. 17 F.4th at 1336. Unlike the creditors in *Le Ctr. on Fourth*, who were provided notice of the confirmation hearing and contents of the chapter 11 plan, Movant received no such information and was thus deprived of the opportunity to participate in the confirmation hearing. Here, Debtor failed to serve Movant with notices required by Rule 2002 and failed to otherwise furnish that information, including (1) the notice and date of the § 341 meeting of creditors; (2) the chapter 13 plan; (3) the time fixed for filing objections to confirmation of the chapter 13 plan; and (4) the date and time of the hearing to consider confirmation of the chapter 13 plan. Accordingly, *Le Ctr. on Fourth, LLC* is distinguishable from the case at bar.

Finally, the Court finds the case at bar most similar to *Spring Valley Farms, Inc.*, where the parties asserting a violation of due process rights had actual knowledge of the bankruptcy case but received no notice of the deadline to file a proof of claim. 863 F.2d at 833. There, the court found due process insufficient

14

because the parties did not have actual notice of the claims bar date and were not provided with the notices required by Bankruptcy Rule 2002. *Id.* In the matter at hand, it is undisputed that Movant did not have actual notice of the relevant deadlines and information and likewise failed to receive the notices required by Bankruptcy Rule 2002. Thus, *Spring Valley Farms, Inc.* is instructive.

However, because *Spring Valley Farms, Inc.*, is (1) a chapter 11 case, and (2) connected to the claims bar date, it is informative, but not dispositive as to the precise issue before the court. The Court knows of no circuit precedent directly on point; thus, it considers the rulings of several other courts.

4. *Persuasive Precedent*

First, the Court finds persuasive a recent case in which the United States Bankruptcy Court for the Eastern District of Pennsylvania distilled the notice standard as it applies to a chapter 13 plan, stating: "[f]or a plan to bind a creditor, the creditor must have proper notice of the plan's provisions prior to confirmation." *Thomas v. City of Phila. (In re Thomas)*, 626 B.R. 804, 819 (Bankr. E.D. Penn. 2021). "Cases resolving issues related to due process in the context of confirmed plans generally turn on the type of notice the creditors received regarding the debtors' proposed treatment of the creditors' interests." *In re Thomas*, 626 B.R. at 819. There, the court collects cases[11] which hold that a creditor cannot be bound by

---

[11] *See e.g., In re Losada*, 557 B.R. 244, 250 (Bankr. S.D. Fla. 2016) (finding secured creditor not bound by terms of plan where that creditor was not served with plan that purported to value its collateral); *Erdmann v. Charter One Bank (In re Erdmann)*, 446 B.R. 861, 866 (Bankr. N.D. Ill. 2011) (vacating confirmation order where creditor was not served with proposed modification reclassifying its claim); *In re Williams*, Case No. 19 BK 22007, 2020 Bankr. LEXIS 1236, at *5 (Bankr. N.D. Ill. May 5, 2020) (finding due process violation where creditor received no notice of plan because debtor mailed notices to incorrect address and vacating confirmation order as to that creditor); *Pongco v. Devos (In re Pongco)*, 614 B.R. 690, 697 (Bankr. D. Alaska 2019) (denying summary judgment where party received notice of the case but argued it never received plan and thus lacked knowledge of the plan); *Jacobo v. BAC Home Loans Servicing, LP*, 477 B.R. 533, 540–41 (D.N.J. 2012) (finding failure to serve notices properly under Rule 4007 failed to reasonably apprise creditor of chapter 13 plan and confirmation hearing thus depriving creditor of due process).

the terms of a confirmed plan where creditor failed to receive adequate notice of proposed plan provisions prior to confirmation. The court explains:

> I have not found any reported case in which a bankruptcy court has held that general knowledge of the existence of a bankruptcy case, or notice of the confirmation hearing, is a permissible substitute for service of the chapter 13 plan (i.e., actual notice that a debtor intends to alter a secured creditor's rights in the plan).

*Id*. at 821.

Thus, the court found that while the creditor was served with several other notices during pendency of the case, no document contained the plan provisions that would alert the creditor that its rights would be altered upon confirmation. *Id*. at 820.

Further, the United States Bankruptcy Court for the Northern District of Georgia described the requirements of a proposed plan seeking to modify the rights of creditors, stating: "in order to modify the rights of a secured claim, it is incumbent upon a debtor to give adequate notice to the secured claimant." *In re Friday*, 304 B.R. 537, 540 (Bankr. N.D. Ga. 2003). The court outlined both the required contents of the proposed modification and service requirements for such. *Id*. at 541–42.

The court explained that United States Supreme Court precedent requires a proposed plan or plan modification include: (1) the debtor's identity; (2) the name of each creditor whose claim or claims will be modified; (3) the proposed modifications of rights of each secured claim, with enough particularity so that each creditor may determine how its claim is impacted; and (4) whether the secured claimant will retain is lien or whether its collateral will be surrendered. *Id*. at 541 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 338 U.S. 306 (1950)). The court also described service requirements: "[e]ach creditor must be served with a copy of the entire plan. Further, each creditor must be served with notice of the date by which

16

an objection to plan confirmation or modification must be filed and notice of the
date for hearing or opportunity for hearing on the plan confirmation or
modification." 304 B.R. at 541–42.

Applying the principles of *Thomas* and *Friday* to the facts in this case, the
Court determines that Movant failed to receive adequate notice and opportunity to
be heard.  It follows that Movant is not bound by the terms of the confirmed plan
due to lack of notice.

Finally, the Court acknowledges one case in which inquiry notice appears to
suffice in the context of a chapter 13 plan.  *Lawrence Tractor Co. v. Gregory (In re
Gregory)*, 705 F.2d 1118 (9th Cir. 1983).  The United States Court of Appeals for the
Ninth Circuit found constructive notice sufficient to meet due process as to the
contents of a chapter 13 plan where the creditor received notice of the § 341 meeting
of creditors and of the hearing to consider confirmation of the chapter 13 plan.  *Id.*
at 1123.  The unsecured creditor in *Gregory* received notice of the § 341 meeting of
creditors, which also indicated that "the confirmation hearing in bankruptcy court
would follow at 2:00 p.m." and that "[t]he debtors' plan does not propose payment of
unsecured creditors." *Id.* at 1119–20.  The notice did not include a copy of debtor's
plan.  *Id.* at 1120.  Despite receiving this notice, the creditor attended neither the
§ 341 meeting nor the hearing to consider plan confirmation.  *Id.*  The creditor failed
to appeal the order confirming the debtor's chapter 13 plan and instead, two months
later, filed a complaint to determine dischargeability in which the creditor argued
that "it did not receive reasonable notice within which to file an objection to the
confirmation of the plan." *Id.*

The court held that the Bankruptcy Code "does not require that the plan be
sent to all creditors" and found the notice of the § 341 meeting and hearing to
consider plan confirmation constitutionally adequate. *Id.* at 1123.  Finding no due
process violation, the court explained: "[w]hen the holder of a large, unsecured

17

claim . . . receives any notice from the bankruptcy court that its debtor has initiated bankruptcy proceedings, it is under constructive or inquiry notice that its claim may be affected, and it ignores the proceedings to which the notice refers at its peril." *Id*. Thus, *Gregory* stands for the limited proposition that where a creditor is served notice of a § 341 meeting of creditors and plan confirmation hearing,[12] that creditor cannot fail to take any action and later assert its due process rights were violated.

*Gregory* is easily distinguished from the case at bar because Movant failed to receive notice of any proceeding.  Unlike the creditor in *Gregory*, Movant received actual notice of the bankruptcy case but was apprised of neither the § 341 meeting nor the hearing to consider confirmation of Debtor's chapter 13 plan.  Because Debtor incorrectly listed Movant's address in her schedules and creditor matrix, Movant failed to receive Court notices.  The BNC Certificate of Notice (Doc. 7) indicates that the initial Notice of Chapter 13 Case Filing was sent to an address in Warner Robins, Georgia rather than Timonium, Maryland.  While Debtor eventually corrected Movant's address, such change occurred three days after the scheduled § 341 meeting.  The creditor in *Gregory* had actual notice of both the § 341 meeting of creditors and the chapter 13 plan confirmation hearing yet chose to sleep on its rights; whereas, here, Movant was deprived of notice beyond mere existence of the bankruptcy case.

Importantly, Movant received an email from Debtor's counsel notifying him of the existence of the case–which email included a Court generated Notice of Case Filing explicitly stating: "[y]ou may be a creditor of the debtor.  If so, you will receive an additional notice from the court setting forth important deadlines." (Doc. 29, Exh. 1-2).  The Court finds Movant reasonably relied on the Notice of Case

---

[12] Which in *Gregory*, included details of the plan's proposed treatment of unsecured creditors.  705 F.2d at 1123.

18

Filing furnished by Debtor which states that, as a creditor, he "will receive an additional notice from the court setting forth important deadlines."

Thus, the Court finds Movant failed to receive notice "reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. at 272. The single notice furnished to Movant by Debtor told Movant of the existence of the case. The notice included none of the information required by Bankruptcy Rule 2002 and Debtor failed to otherwise provide that information. Accordingly, Movant was deprived of his due process rights.

In this case, Movant's due process rights were violated. Because the Court finds Movant had no notice or opportunity to be heard as to the chapter 13 plan and confirmation hearing, the Court holds that Movant is not bound by the terms of the confirmed plan. It follows that the Court examines Movant's contention that his claim is entitled to priority status as a domestic support obligation and rules on the merits.

### C. Movant's claim does not qualify as a domestic support obligation

While the Bankruptcy Code is intended to offer to the honest but unfortunate debtor a fresh start, there exist special policy considerations in which a debt should be preserved. *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007); *Piazza v. Nueterra Healthcare Physical Therapy, LLC (In re Piazza)*, 719 F.3d 1253, 1272 (11th Cir. 2013); *Rivera v. Orange Cnty. Prob. Dep't (In re Rivera)*, 832 F.3d 1103, 1109 (9th Cir. 2016). One such exception exists for domestic support obligations.

Movant argues his claim is a domestic support obligation and is thus entitled to priority status under § 507(a)(1)(A). Section 507(a)(1)(A) grants first priority status to any allowed unsecured claims for domestic support obligations that, as of

the date of filing the petition, are owed to or recoverable by a spouse, former spouse,

or child of the debtor, or such child's parent, legal guardian, or responsible relative.

11 U.S.C. § 507(a)(1)(A). Section 101(14A) defines domestic support obligation as:

> a debt that accrues before, on, or after the date of the order
> for relief in a case under this title, including interest that
> accrues on that debt as provided under applicable
> nonbankruptcy law notwithstanding any other provision of
> this title, that is—
>    **(A)** owed to or recoverable by—
>        **(i)** a spouse, former spouse, or child of the
>    debtor or such child's parent, legal guardian, or
>    responsible relative; or
>        **(ii)** a governmental unit;
>    **(B)** in the nature of alimony, maintenance, or
>    support (including assistance provided by a
>    governmental unit) of such spouse, former spouse, or
>    child of the debtor or such child's parent, without
>    regard to whether such debt is expressly so
>    designated;
>    **(C)** established or subject to establishment before,
>    on, or after the date of the order for relief in a case
>    under this title, by reason of applicable provisions
>    of—
>        **(i)** a separation agreement, divorce decree, or
>        property settlement agreement;
>        **(ii)** an order of a court of record; or
>        **(iii)** a determination made in accordance with
>        applicable    nonbankruptcy    law    by    a
>        governmental unit; and
>    **(D)** not assigned to a nongovernmental entity,
>    unless that obligation is assigned voluntarily by the
>    spouse, former spouse, child of the debtor, or such
>    child's parent, legal guardian, or responsible relative
>    for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

To qualify as a domestic support obligation debt must be owed to (1) spouse;

(2) former spouse; (3) child; (4) such child's parent, legal guardian, responsible

relative; or (5) governmental unit. 11 U.S.C. § 101(14A). Despite the language of

§ 101(14A), a "majority of cases has determined, nearly unanimously, that an award of attorney's fees of a spouse, former spouse, or child of a debtor in a divorce or related proceeding is a debt owed to such spouse, former spouse, or child even when such fees are payable directly to the attorney." *Davis, Matthews & Quigley, P.C. v. Elhag (In re Elhag)*, 606 B.R. 500, 505 (Bankr. N.D. Ga. 2019); *see also In re Edinger*, 518 B.R. 859, 866 (Bankr. E.D.N.C. 2014) (finding fees payable to ex-spouse's attorney a domestic support obligation entitled to first priority status under § 507(a)(1)(A)); *Olsommer v. Olsommer (In re Olsommer)*, Case No. 99-54055-RFH, Adv. No. 00-5012, 2001 Bankr. LEXIS 2055, *8 (Bankr. M.D. Ga. May 2, 2001).

The relevant inquiry is not to whom the obligation is owed, but rather whether the award was intended as support. *Strickland v. Shannon (In re Strickland)*, 90 F.3d 444, 447 (11th Cir. 1996); *Baskin & Baskin, P.C. v. Carlucci (In re Carlucci)*, Case No. R05-42458-PWB, Adv. No. 05-5007, 2007 Bankr. LEXIS 1567, *5 (Bankr. N.D. Ga. March 12, 2007). Thus, attorney's fees may qualify as domestic support obligations where those fees are in the nature of support.

Several courts have addressed the issue presented by Movant. Those courts agree that "a debtor's liability for his or her own attorney's fees incurred in a child support dispute is not a debt owed 'to a spouse'" and cannot qualify as a domestic support obligation. *Guliemetti & Gesmer, P.C. v. Klein (In re Klein)*, 197 B.R. 760, 762 (Bankr. E.D.N.Y. 1996); *see also DuBroff v. Rios (In re Rios)*, 901 F.2d 71, 72–73 (7th Cir. 1990); *Michael S. Mahoney, PC v. Sanders-Davenport (In re Sanders-Davenport)*, 641 B.R. 157, 164 (Bankr. W.D. Mich. 2022); *Eric D. Fein, P.C. v. Young (In re Young)*, 425 B.R. 811, 818 (Bankr. E.D. Tex. 2010); *Crowne v. O'Brien (In re O'Brien)*¸ 367 B.R. 242, 244 (Bankr. D. Mass. 2007); *Frey, Lach & Michaels, P.C. v. Lindberg (In re Lindberg)*, 92 B.R. 481, 483 (Bankr. D. Colo. 1988).

21

Attorney's fees owed by a debtor to his or her own attorney are not an obligation of the debtor to a former spouse, child, or their respective attorneys. *See In re Rios*, 901 F.2d at 72. Where an attorney is employed by a debtor for purposes of domestic litigation, that attorney does not represent a former spouse, child, or guardian ad litem. *In re O'Brien*, 367 B.R. at 244. Thus, if a fee is awarded in such a circumstance, that award results from representation of the debtor, and "is based upon the contractual relationship between client and lawyer." *Id.* Accordingly, an award of attorney's fees in favor of a debtor's lawyer occasioned by domestic litigation fails to qualify as a domestic support obligation under the Bankruptcy Code. *Id.*

Here, Debtor is entitled, per the Maryland Fee Award, to collect from her ex-spouse child support, attorney's fees, and other litigation costs. Movant seeks to collect his attorney's fees from his former client–the party to whom support, attorney's fees, and costs were awarded. Movant fails to recognize that Debtor is the beneficiary of a domestic support award. Thus, it is Debtor's ex-spouse that is obligated to pay under the Maryland Fee Award. Debtor's ex-spouse is the obligor from whom Debtor and Movant should seek to collect. Put another way, the fees assessed by the Maryland Fee Award, against Debtor's ex-spouse, may give rise to a domestic support obligation; however, under that order, Debtor is the obligee.

It is undisputed that Debtor retained Movant as counsel in the Domestic Matter sometime between 2016 and 2018. It follows that the relationship between Movant and Debtor was an attorney-client relationship. Debtor failed to collect on the Maryland Fee Award and otherwise failed to pay Movant for his representation. Because Debtor failed to pay Movant, Debtor breached the agreement between the parties, giving rise to Movant's judgment and claim. The debt owed to Movant thus arises from the contractual attorney-client relationship between Debtor and Movant

and is not in the nature of support.  The Court finds Movant's claim fails to qualify as a domestic support obligation.

### III.   Conclusion

For the foregoing reasons, the Court holds that the fee arrangement between Movant and Debtor fails to qualify as a domestic support obligation.  Accordingly, Movant's claim is not entitled to first priority status under § 507(a)(1)(A).  A separate order, consistent with this opinion, will be entered.

[END OF DOCUMENT]