**SIGNED this 4 day of April, 2023.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **ESTHER COLLINS,** | ) | **CHAPTER 13 BANKRUPTCY** |
| | ) | |
| Debtor. | ) | **CASE NO. 21-40436-JTL** |
| | ) | |
| | ) | |
| | ) | |
| **ROGER R. MUNN,** | ) | |
| | ) | |
| Movant. | ) | **CONTESTED MATTER** |
| v. | ) | |
| | ) | |
| **ESTHER COLLINS,** | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION ON MOVANT ROGER MUNN'S
OBJECTION TO CONFIRMATION AND
MOTION TO OBJECT TO DISCHARGE**

1

The above-styled contested matter came before the Court on an objection to confirmation and a motion to object to discharge filed by the Movant, Mr. Roger Munn. The Movant argues that his claim against the Respondent, Ms. Esther Collins, should be nondischargable and objects to the confirmation of the Chapter 13 plan under §§ 1325(a)(3), 1325(a)(4), and 1325(b)(3) of the Bankruptcy Code. For the reasons stated below, the Court denies the Movant's motion to object to discharge and overrules the Movant's objection to confirmation.

I.    **FACTUAL FINDINGS AND PROCEDURAL POSTURE**

Mr. Roger Munn, the Movant, represented Ms. Esther Collins, the Respondent, in divorce proceedings against her ex-husband. Amended Mot. to Object, Doc 65. The Respondent has children for whom an order was entered during the divorce in her favor requiring her ex-husband to pay child support. Hr'g Held, Doc. 67. She states she does not feel it is safe to collect child support from her ex-husband because he has abused both her and her children. *Id*. She believes that child support collection would notify her ex-husband of her address and he would know the location of her and her children compromising their safety. *Id*.

After the conclusion of his representation of the Respondent during her divorce proceedings, the Movant received a judgement against the Respondent for unpaid attorney's fees for $14,204.78 plus interest. Mov.'s Proof of Claim, Claim No. 2. The Movant began a garnishment of $797 monthly to satisfy his claim against the Respondent on November 4, 2021. Mov's. Mot. to Object, Doc 65. On November 11, 2021, the Respondent filed Chapter 13 Bankruptcy represented by her attorney, Valerie Long. Chapter 13 Vol. Pet., Doc. 1.

Official notice of the bankruptcy case including the confirmation date and deadline to object to confirmation and the proposed chapter 13 plan were sent to the incorrect address for the Movant by the Bankruptcy Noticing Center on November 14, 2021. BNC Certificate of Mailing

Doc. 7; BNC Certificate of Mailing, Doc. 9. The attorney for the Respondent, Ms. Valerie Long, amended the Movant's address on January 6, 2022, of which the Movant received notice from Ms. Long. Change of Address Notification, Doc. 11. The Movant filed a proof of claim in the Respondent's case on January 7, 2022. Mov.'s Proof of Claim, Claim No. 2.

The Respondent's bankruptcy case was orally confirmed on February 28, 2022, and the order confirming the case was signed March 18, 2022. Order Cfrm'ng Chapter 13 Plan, Doc. 15. The first notice the Bankruptcy Noticing Center sent to the Movant's correct address was the Court's order confirming the Respondent's chapter 13 plan in March 2022. BNC Certificate of Mailing; Doc. 16. The Movant filed a motion to vacate the Court's order of confirmation on March 31, 2022. Mov.'s Mot. to Vacate. Doc. 17. The Court entered an initial memorandum opinion and order which was vacated in part after a motion to reconsider by the Movant. Memorandum Opinion, Doc. 33; Order Den. Mot. to Vacate, Doc. 34; Mot. to Recons., Doc 37. The Court's memorandum opinion entered after the motion to reconsider found that, because his address was incorrect, the Movant had not received notice as required by Federal Rules of Bankruptcy Rule 2002. Memorandum Opinion, Doc. 50.

On January 3, 2023, the Respondent filed a motion to modify her plan to provide the Movant with notice in accordance with Rule 2002. Debtor's Mot. to Modify, Doc. 54. On January 19, 2023, the Movant filed an objection to the motion to modify objecting to confirmation of the plan and to the dischargability of his claim. Mot. to Object, Doc. 62; Amended Mot. to Object, Doc. 65. The Court heard the matter on March 29, 2023. The Movant did not attend the hearing, but the Respondent presented evidence in response to the motion and the Court took the matter under advisement. Hr'g Held, Doc. 67.

## II. LEGAL ANALYSIS

The Movant has the burden of proof for his motion to object to dischargability. The Respondent has the burden of proof to oppose the Movant's objection to confirmation.

### a. The Court denies the Movant's motion to object to discharge.

The Court first addresses the Movant's motion to object to the discharge of his claim under § 523.

#### 1. The Movant's motion to object to dischargability is procedurally deficient.

The Movant first objects to the dischargability of his claim under § 523(a)(2). There are two procedural issues with this claim. First, determinations of dischargability of a debt must be brought as an adversary proceeding under Rule 7001(6). Second, the Eleventh Circuit in *In re Alton,* 837 F.2d 457 (11th Cir. 1988)*,* and noted by this Court in its memorandum opinion vacating the previous opinion, found that § 523 complaints are bound by strict timing requirements with which the Movant has not met. Under Rule 4007(c), a complaint filed under § 523(a)(2) must be filed within sixty days of the meeting of creditors.

The Eleventh Circuit found in *In re Alton* that actual notice was sufficient for the Movant to timely file a complaint regarding an objection to discharge under § 523. *In re Alton,* 837 F.2d at 459.While the Movant's address was incorrect at the time of filing and the initial notice and proposed plan were not served correctly to the Movant, Ms. Long amended the address for the Movant on January 6, 2022 and sent the Movant a copy of the amendment. The meeting of creditors was held on January 10, 2022. The deadline to file an objection to dischargability would begin running on that date. Therefore, the Movant had actual notice of the bankruptcy proceeding before the deadline expired to file a complaint to determine dischargability or to

4

request an extension. The Eleventh Circuit found in *In re Alton* that creditors have the obligation to inquire and pursue their rights under § 523. *In re Alton,* 837 F.2d at 459-61. Thus, since the deadline has expired to file a complaint under § 523, the Movant cannot now object to the dischargability of this debt.

### 2. The Movant's motion would otherwise fail on its merits.

Even if the Court could entertain the Movant's motion on its merits, the motion would be denied. The Movant argues that the Respondent intentionally defrauded the Movant, and his claim should not be dischargeable under § 523(a)(2)(A). Amended Mot. to Object, Doc. 65. Section 523(a)(2)(A) requires the moving party to prove the "(1) that [the Respondent] used false pretenses, or made a false representation, or committed actual fraud; (2) that he relied on [the Respondent's] conduct; (3) that [the Movant's] reliance was justified; and (4) that [the Respondent's] conduct caused his loss." *In re Harris*, 3 F.4th 1339, 1347 (11th Cir. 2021).

The Movant proffers multiple instances of when he believes the Respondent used false pretenses, made fraudulent representation, or committed actual fraud: the Respondent's omission of the owed child support arrearages on her schedules, the Respondent's engagement of the Movant without the intention to pay his fees, and the Respondent's intentional failure to adequately notify the Movant of her bankruptcy case. Amended Mot. to Object, Doc. 65. The Movant presented no evidence at the hearing nor countered the evidence tendered by the Respondent.

The Movant first states that the Respondent intentionally concealed the child support arrearages owed to her from the Court. Amended Mot. to Object, Doc. 65. The Court finds that the Respondent did not intentionally omit the child support arrearages or potential income on her schedules to defraud her Creditors. She is neither receiving those funds nor are they part of the

5

bankruptcy estate under § 541, thus, she is not required to disclose them as discussed in a later section of this opinion.

The Movant then argues the Respondent contracted legal services with him and had no intention to pay for those services. Amended Mot. to Object, Doc. 65. The Respondent averred during the hearing that she has made multiple attempts to pay the Movant and those payments have been rejected by the Movant as being inadequate to pay her obligation. Hr'g Held, Doc. 67. The Movant adds to his argument that the Respondent demonstrates a pattern of contracting for legal services and having insufficient resources to pay her fees. Amended Mot. to Object, Doc. 65. During the hearing, the Respondent testified that she has payment plans with the two other attorneys mentioned by the Movant, another divorce attorney and the best interest attorney appointed for her children, to whom the Respondent has made consistent payments. Hr'g Held, Doc. 67. The evidence demonstrates that the Respondent has tried to pay her debt to the Movant and has continued to pay other debts to other creditors for legal services received. None of her behavior exhibits a pattern of fraudulent behavior.

Finally, the Movant argues the Respondent intentionally concealed the case from him by sending his notices to the wrong address. The Respondent's evidence included testimony during the hearing from her employee who stated that she entered the address incorrectly by mistake. Hr'g Held, Doc. 67. The Respondent's attorney also provided the Movant notice of the bankruptcy case as soon as his address was amended and re-noticed the Respondent's plan to provide the Movant with the opportunity to object. Change of Address Notification, Doc. 11; Debtor's Mot. to Modify, Doc. 54. The evidence does not support the Movant's contention that the Respondent intentionally defrauded either him or the Court. Therefore, were the Court to

address the Movant's motion to object to discharge under § 523 on its merits, the motion would be denied.

### b. The Court overrules the Movant's objection to confirmation.

The Court next addresses the Movant's objection to confirmation of the plan under § 1325.

### 1. The Court overrules the Movant's objection under § 1325(a)(3).

The Movant begins his objection stating that the plan fails to comply with § 1325(a)(3). Section 1325(a)(3) requires that the plan proposed by the Respondent "has been proposed in good faith." The Eleventh Circuit addresses its standard for what constitutes good faith for § 1325(a)(3) in *In re Kitchens,* 702 F.2d 885, 888–89 (11th Cir. 1983), in which it outlines some factors courts should consider when determining whether a plan has been filed in good faith. The factors include but are not limited to:

> (1) the amount of the debtor's income from all sources;
> (2) the living expenses of the debtor and his dependents;
> (3) the amount of attorney's fees;
> (4) the probable or expected duration of the debtor's Chapter 13 plan;
> (5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;
> (6) the debtor's degree of effort;
> (7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;
> (8) special circumstances such as inordinate medical expense;
> (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;
> (10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors;
> (11) the burden which the plan's administration would place on the trustee.

*Id*. During the hearing, the Respondent presented evidence as to the relevant factors to her circumstances.

The Respondent has three children ages sixteen, nine, and three years old. Hr'g Held, Doc 67. She reports a net income of $200 monthly which will be used to fund her plan. Modified

7

Plan, Doc. 55; Amended Schedules, Doc. 56. She states she has no money remaining monthly after paying her expenses and making her plan payments. Hr'g Held, Doc. 67. After reviewing her schedules, the Court finds her expenses reasonable to support her and her three children and finds she has endeavored to keep her expenses reasonable and to remain current in her plan.

The Movant claims that the Respondent used the bankruptcy process to avoid his debt specifically, citing the fact that she declared bankruptcy immediately after the garnishment went into place to satisfy his debt. Amended Mot. to Object, Doc. 65. The Movant's garnishment withdrew $797 monthly from the Respondent's pay. *Id*. The Movant claims that, because the Respondent filed bankruptcy shortly after the first garnishment payment was received, the Respondent was evading his collection efforts. *Id*. The Respondent averred that she declared bankruptcy when the garnishment to her wages took effect because she had daycare costs and other bills that become unmanageable and the additional financial pressure from the garnishment "pushed [her] over the edge." Hr'g Held, Doc. 67. She added that she tried to pay the Movant through payment plans or partial payments which the Movant rejected as inadequate to fulfill her obligation. *Id*. The Respondent had sent an email to the Movant before she declared bankruptcy which included a request from her to discuss payment options outside of the garnishment to satisfy her debt, which the Movant included as an exhibit to his objection. Amended Mot. to Object, Doc 65, Exhibit 2. The evidence shows the Respondent attempted to make small payments and to negotiate a payment plan with the Movant before she declared bankruptcy, not that she intentionally evaded the Movant or her debt to him. The Court finds the Respondent intended to pay her debt to the Movant and did not declare bankruptcy for the sole purpose of avoiding that debt.

The Court finds that the Respondent has met the relevant factors from *In re Kitchens*, 702 F.2d 885, and has otherwise filed her case in good faith.

## 2. The Court overrules the Movant's objections under §§ 1325(b)(1)(B) and 1325(a)(4).

The Movant also objects under § 1325(b)(1)(B), which requires that the entirety of the Debtor's disposable income be used to fund the plan, and § 1324(a)(4), which requires that the plan distribute to creditors at least as much as they would receive under a Chapter 7 liquidation. The Movant argues that the plan does not comply with § 1325(b)(1)(B) because the Respondent has access to additional income because of her right to child support payments. Similarly, the Movant argues that the plan fails to comply with § 1325(a)(4) because the Chapter 7 Trustee could pursue the child support arrearage for the benefit of the estate, thus the Chapter 13 plan is not in the best interest of the creditors. The Movant's arguments under § 1325(b)(1)(B) and § 1325(a)(4) both presume that the Respondent's estate and income should include the arrearage from the Respondent's owed child support, even if the Respondent does not collect it.

The Movant assumes that child support would be considered part of the Respondent's estate and income for purposes of her plan. This is not the case. Child support payments, in Georgia, are a right of the children, not of the custodial parent. *O'Neil v. Williams*, 205 S.E.2d 226, 229 (Ga. 1974) ("When alimony is awarded for the support of minor children, the mother acquires no interest in the funds, and when they are paid to her, she is a mere trustee charged with the duty of seeing that they are applied solely for the benefit of the children"). Courts have found that, where state law dictates that child support payments are a right of the minor child held for the benefit of the child by the custodial parent, the arrearages are not assets of the custodial parent's bankruptcy estate. *In re Poffenbarger*, 281 B.R. 379, 390 (Bankr. S.D. Ala.

2002), *In re Hambright*, 762 N.E.2d 98, 104 (Ind.2002) (applying Indiana law); *Hurlbut v. Scarbrough*, 957 P.2d 839, 842 (Wyo.1998) (applying Wyoming law); *In re Anders*, 151 B.R. 543, 546 (Bankr.D.Nev.1993) (applying Nevada law); *In re Welch*, 31 B.R. 537, 540 (Bankr.D.Kan.1983) (applying Kansas law); *In re Gardner,* 243 F.Supp. 258, 260 (D.Or.1965) (applying Oregon law); *aff'd sub nom Boston v. Gardner*, 365 F.2d 242 (9th Cir.1966); *Zimmerman v. Starnes*, 35 B.R. 1018, 1020–22 (D.Colo.1984) (applying California and Colorado law).

Because, under Georgia law, the Respondent serves only as a trustee of her children's child support, the Court does not find that the arrearage is part of the bankruptcy estate under § 541. The Eleventh Circuit has explicitly stated, "funds in the debtor's possession held for a third-party do not become part of the estate in bankruptcy" *T & B Scottdale Contractors, Inc. v. U.S.,* 866 F.2d 1372, 1376 (11th Cir. 1989). Therefore, the Court does not find that the child support arrearages should be included in the Respondent's income nor would it be collectable by a Chapter 7 Trustee. Thus, the Movant's arguments under § 1325(b)(3) and § 1325(a)(4) fail.[1]

### III. CONCLUSION

The Movant is barred from objecting to discharge under § 523(a)(2) because he had notice of the proceedings before the deadline for the time to object. The Court also finds that the Debtor's plan complies with §§ 1325(a)(3), 1325(a)(4), and 1325(b)(3) of the Bankruptcy Code. Accordingly, this Court will enter an order overruling the Movant's objection to confirmation and denying his motion to object to discharge.

---

[1] The Movant makes an additional argument that the Respondent's plan fails to meet § 1325(a)(1) as it does not pay his priority claim as required by § 1322(a)(2) because his claim is a domestic support obligation. Amended Mot. to Obj., Doc 65. This Court has previously found that the Movant's claim is not entitled to priority status and thus § 1322(a)(2) does not apply to his claim. Memorandum Opinion, Doc. 50.

END OF DOCUMENT