**SIGNED this 2 day of June, 2023.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **ESTHER COLLINS,** | ) | **CHAPTER 13 BANKRUPTCY** |
| | ) | |
| Debtor. | ) | **CASE NO. 21-40436-JTL** |
| | ) | |
| | ) | |
| | ) | |
| **ROGER R. MUNN,** | ) | |
| | ) | |
| Movant. | ) | **CONTESTED MATTER** |
| v. | ) | |
| | ) | |
| **ESTHER COLLINS,** | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION ON MOVANT ROGER MUNN'S
### MOTION TO RECONSIDER AND FOR A NEW TRIAL

The above-styled contested matter came before the Court on a motion to reconsider and for a new trial filed by the Movant, Mr. Roger Munn. The Movant requests the Court to reconsider and vacate its previous order and memorandum opinion filed April 4, 2023. For the reasons stated below, the Court denies the Movant's motion.

I. **FACTUAL FINDINGS AND PROCEDURAL POSTURE**

The Court incorporates the facts from its memorandum opinion entered by this Court on April 4, 2023 as to the background of this case. Memorandum Opinion, Doc. 68. The Movant filed this motion to reconsider on April 18, 2023 in response to the memorandum opinion and order dated April 4, 2023. Memorandum Opinion, Doc. 68; Ord., Doc. 69. The Movant stated he was unable to attend the previous hearing which resulted in the memorandum opinion and order because of emergent medical concerns.[1] The initial hearing notice did not comply with the Middle District of Georgia Bankruptcy Local Rule 9001-4 but was amended to comply with such on May 18, 2023. Am. Notice of Hr'g, Doc. 87. The Respondent, the Debtor, Ms. Esther Collins, opposed the motion. Resp. with Opps'n, Doc. 83. The Court heard the parties' arguments on May 19, 2023 and took the matter under advisement. Hr'g Held, Doc. 88.

II. **LEGAL ANALYSIS**

The Movant brings this matter under Federal Rule of Bankruptcy Rule 9023 which incorporates Federal Rule of Civil Procedure Rule 59. The Movant first argues that his inability to attend the previous hearing because of his medical issues warrants a new trial. The Movant's medical incapacity does not serve as grounds for reconsideration under Rule 9023. The Eleventh Circuit limits relief under 9023 to "newly discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). The Movant did not produce any newly

---

[1] The Respondent questioned the veracity of the Movant's medical concerns in her argument, but the Court chooses to abstain from analysis as to this allegation.

2

discovered evidence not available at the previous hearing. The Court therefore addresses whether it made manifest errors in law or fact in denying the Movant's underlying motion.

The Movant first argues that the Court should reconsider its decision that the Respondent's plan complies with § 1325(b)(1)(B) because the Respondent has additional undisclosed income from child support payments to fund her plan and pay creditors. Section 1325(b)(1)(B) of the Bankruptcy Code requires that the entirety of a debtor's disposable income must be used to fund the plan. The Movant argues that the Respondent's uncollected child support payments, whether she chooses to collect them or not, should be included in the calculation of the Respondent's disposable income and disclosed as an asset of the estate,

The Court previously found that child support payments are not income or property of the estate under Georgia law. *See* Memorandum Opinion, Doc. 68 (citing *O'Neil v. Williams*, 205 S.E.2d 226, 229 (Ga. 1974), *In re Poffenbarger*, 281 B.R. 379, 390 (Bankr. S.D. Ala. 2002*), T & B Scottdale Contractors, Inc. v. U.S.*, 866 F.2d 1372, 1376 (11th Cir. 1989)). The Movant offers no case citations or legal arguments to evince that this holding is a manifest error of law.

The Movant also argues that the Court has made errors in its factual findings. The Movant states that the Respondent had not contacted him about payments or attempted to make a payment plan from October of 2017 to when the first garnishment payment was made. The day after the Movant received the first garnishment payment, the Respondent filed for bankruptcy, which the Movant argues demonstrates bad faith and an effort by the Respondent to use her bankruptcy case to defraud him.

The Respondent previously testified that she has payment plans with two other attorneys, which the Movant claims demonstrates that she only refuses to pay his fees and not others' fees. The Respondent testified during the hearing on March 29, 2023 that the payments to the other

3

attorneys are $100 and $150 and when she offered small payments to the Movant he declined. Hr'g Held, Doc. 67. The garnishment instituted by the Movant was for $797.08 per month. Mov's Mot. to Obj. to Discharge, Doc. 62. Attached to his underlying motion, the Movant included a letter to the Respondent's commanding officer dated September 10, 2020, in which the Movant states that the Respondent asked to him to create a payment plan of $100 per month which he called a "hollow offer." *Id* at Ex. 3. The Movant also included an email from the Respondent to the Movant requesting to negotiate a settlement of the debt before the garnishment took effect. *Id* at Ex. 1. The email is dated July 14, 2021. *Id*. The Respondent's first garnishment payment was made around the beginning of November 2021, and she filed her bankruptcy case November 11, 2021.

    The evidence demonstrates good faith efforts by the Respondent to negotiate with the Movant as she had with the other attorneys with whom she worked. While the Movant stated he had no contact with the Respondent about payments, the evidence he has previously submitted demonstrates at least two attempts by the Respondent to negotiate a settlement of her debt. Instead, the Movant states in his letter to the Respondent's commanding officer that he declined at least one of the Respondent's payments attempts as insufficient. Therefore, the Movant's own evidence does not support a finding of a manifest error of fact that the Respondent had evaded the Movant and declared bankruptcy only to avoid paying her debt to him.

    The Movant made multiple arguments that the Respondent has intentionally defrauded him. In his previous motion, the Movant moved to object to discharge under § 523(a)(2). The Court denied the motion because of procedural deficiencies. The deadline to object to discharge has passed and the Movant did not bring the objection as an adversary proceeding. Those procedural deficiencies still bar the Movant's claim under § 523(a)(2).

4

Finally, the Movant argues that the Respondent has a priority claim against her ex-husband, Leon Collins under § 1322(a)(2). For the Bankruptcy Court to have jurisdiction of the disposition of Mr. Collins' assets, he must have filed for bankruptcy. The Court has no information as to whether Mr. Collins has declared bankruptcy, and, furthermore, the Movant's argument that the Respondent would have a priority claim in that potentially hypothetical case is irrelevant to the Respondent's plan confirmation. The Movant has his own judgment against Mr. Collins irrespective of the disposition of his claim against the Respondent. Mot. to Vacate, Doc 17, Ex. 2. The Movant can prosecute his own judgment against Mr. Collins without the involvement of the Respondent.

The Court appreciates the Movant's frustration as to the disposition of this matter, but it has been extensively litigated. While the Court welcomes appropriate opportunities to revisit its holdings and ensure the soundness of its decisions, the Court also cautions litigants that Rule 9023 incorporating Rule 59 is an "extraordinary remedy" and not a tool to relitigate settled matters. *In re J & M Salupo Dev. Co.,* 388 B.R. 795, 805 (Bankr. App. 6th Cir. 2008).

### III.    CONCLUSION

No newly-discovered evidence was presented and the Movant did not meet his burden to prove that the Court made any manifest error of law or fact which would justify the use of Rule 9023. Accordingly, this Court will enter an order denying the Movant's motion to reconsider and for a new trial.

END OF DOCUMENT